# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

**THOMAS J. ALSTON**
_____
Plaintiff
vs.

**LEXISNEXIS RISK SOLUTIONS, INC.**
_____
Defendant

Case Number 2022 CA 000122 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Thomas Alston**
Name of Plaintiff's Attorney

**4020 Southern Ave SE Wash DC 20020**
Address

**(240) 432 - 0927**
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date ____01/14/2022____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오.    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

THOMAS J. ALSTON
   Vs.                                       C.A. No.    2022 CA 000122 B
LEXISNEXIS RISK SOLUTIONS INC.

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                              **Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge MAURICE ROSS
Date:        January 14, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, April 15, 2022
Location: Courtroom 100
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Filed
D.C. Superior Court
01/18/2022 06:28PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION–CIVIL ACTIONS BRANCH

THOMAS J. ALSTON
4020 Southern Ave SE
Washington, DC 20020

    Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS INC.
c/o C T Corporation System
1015 15th Street NW, Ste 1000
Washington, DC 20005

    Defendant.

Case No. 2022 CA 000122 B

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Alston, files suit against defendants LexisNexis Risk Solutions Inc. ("LNRS"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

### PARTIES TO THIS ACTION

2. Thomas Alston is a natural person who resides in the District of Columbia.

3. LRNS collects, maintains and sells credit reports and background reports containing personal and/or credit information on consumers throughout the United States.

### FACTUAL ALLEGATIONS

4. Plaintiff applied for a mortgage loan with a lender in [month] 2021.

5. The lender obtained a background report on the Plaintiff—called a SmartLinx report— from the Defendant.

6. Plaintiff obtained a copy of the SmartLinx report from the lender.

1

7. The SmartLinx report contained numerous errors including but not limited to, a chapter 13 bankruptcy, three open judgments, and open tax liens.

8. The errors were patently erroneous for the public records contradicted the information that Defendant reported.

9. Further, the erroneous items were older than 10-years old and therefore, it was illegal for Defendant to report the information to Plaintiff's credit report.

10. There was no phone number or address on the SmartLinx report for Plaintiff to call to inquire about the report or to dispute the items in the report.

11. Plaintiff visited Defendant's website, which advertised the SmartLinx report.

12. Plaintiff disputed the SmartLinx report via the email, website and mail.

13. Plaintiff did not receive a response to his dispute.

14. After receiving no response to his written disputes, Plaintiff decided to call Defendant to dispute the items in the SmartLinx report. But the Defendant's representatives were not aware that Defendant issued a SmartLinx report.

15. Plaintiff expended several hours over numerous days being transferred from department to department.

16. After having no success writing to or calling the Defendant, Plaintiff decided to order his own copy of the SmartLinx report via the Defendant's website.

17. Plaintiff hoped that by ordering his own copy of the SmartLinx report, there may be contact information for Plaintiff call regarding the report.

18. In response to Plaintiff's request for his credit report, the Defendant sent Plaintiff an email that instructed him to call a telephone number that he previously called and spoke to several representatives that were unable to provide any information on the SmartLinx report.

## COUNT ONE: VIOLATION(S) OF 15 U.S.C. § 1681c

19. Plaintiff incorporates paragraphs 1 through 18.

20. Section 1681c requires that adverse information be removed from a credit report within seven or ten years.

21. Defendant violated 15 U.S.C. § 1681c(a) by reporting obsolescent and outdated information to Plaintiff's credit (background) report.

22. Defendant's procedures for reporting Plaintiff's credit information were unreasonable because it relies on unreliable sources of information and lacks any procedures to catch patent errors before publishing the information.

23. Defendant sold these inaccurate credit reports to third parties, including but not limited to, potential lender(s) of the Plaintiff.

24. As a result of Defendant's violations of 15 U.S.C. § 1681c(a), Plaintiff suffered actual damages, including but not limited to: pecuniary costs, damage to reputation, loss of credit, mental anguish and emotional distress.

25. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

26. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o

## COUNT TWO: VIOLATION(S) OF 15 U.S.C. § 1681e(b)

27. Plaintiff incorporates paragraphs 1 through 26.

28. Section 1681e(b) mandates that a credit reporting agency report consumer information with *the maximum possible accuracy*. In other words, the reporting must be more than just accurate, it must be done to perfection and without any inaccuracies.

3

29. Defendant reported inaccurate information regarding Plaintiff by reporting false information concerning public records that contradicted the actual information in the public records.

30. Defendant reported inaccurate information regarding Plaintiff by reporting outdated information that should never appear on a consumer's credit report.

31. Defendant's procedures for reporting Plaintiff's personal and/or credit information were unreasonable because it relies on unreliable sources of information and lacks any procedures to catch patent errors before publishing the information.

32. Defendant sold these inaccurate credit reports to third parties, including but not limited to potential lender(s).

33. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files that it published and maintained for Plaintiff.

34. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: pecuniary costs, damage to reputation, loss of credit, mental anguish and emotional distress.

35. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT THREE: VIOLATION(S) OF 15 U.S.C. § 1681g

37. Plaintiff incorporates paragraphs 1 through 18.

38. Section 1681g(a) mandates that a credit reporting agency disclose a consumer's credit file upon request from the consumer.

39. Defendant violated 15 U.S.C. § 1681g(a) by failing to disclose Plaintiff's credit files after receiving a request from Plaintiff for his credit report and/or credit file.

40. Plaintiff suffered anxiety and frustration as result of Defendant's failure to provide Plaintiff with his credit report and/or credit file.

41. Defendants' failure to disclose Plaintiff's credit report and/or credit file was the result of inadequate policies and procedures that implemented in a reckless disregard of Defendant's obligations under the FCRA.

42. Section 1681g(c) mandates that a CRA must include a toll-free telephone number with any file disclosures for consumers to call personnel of the CRA.

43. Defendant violated 15 U.S.C. § 1681g(c)(2)(B) by failing to include a toll-free telephone number with its file disclosures.

44. Plaintiff suffered anxiety and frustration as result of Defendant's failure to provide a toll-free telephone number.

45. Defendant's failure to provide a toll-free telephone number was the result of inadequate policies and procedures that were implemented in reckless disregard of Defendant's obligations under the FCRA.

46. Defendant's violations were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

### COUNT FOUR: VIOLATION(S) OF 15 U.S.C. § 1681h

48. Plaintiff incorporates paragraphs 1 through 18.

49. Section 1681h(c) mandates that a CRA provide trained personnel to assist consumers in explaining consumer disclosures.

50. Defendant violated 15 U.S.C. § 1681h(c) by failing to provide personnel that was trained to assist Plaintiff with his SmartLinx report.

51. Plaintiff suffered anxiety and frustration as result of Defendant's failure to provide trained personnel that could assist Plaintiff with his SmartLinx report.

52. Defendant's failure to provide trained personnel was the result of inadequate policies and procedures implemented in a reckless disregard of Defendant's obligations under the FCRA.

53. Defendant's violations were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT FIVE: VIOLATION OF 15 U.S.C. § 1681i(a)

55. Plaintiff incorporates paragraphs 1 through 54.

56. Section 1681i(a) mandates that a credit reporting agency investigate information on its credit report if the information is disputed by a consumer.

57. Defendant violated 15 U.S.C. §§ 1681i(a)(1),(4) by failing to reinvestigate Plaintiff's dispute of the erroneous information in Plaintiff's SmartLinx report.

58. Defendant violated 15 U.S.C. §§ 1681i(a)(1),(5) by failing to correct Plaintiff's SmartLinx report following a reasonable reinvestigation of his disputes.

59. Defendant violated 15 U.S.C. § 1681i(a)(2) by failing to forward notice of Plaintiff's dispute to furnisher of the erroneous information in Plaintiff's SmartLinx report.

60. Defendant violated 15 U.S.C. § 1681i(a)(6) by failing to provide Plaintiff with written notice of the results of a reinvestigation of his dispute.

61. Defendant's failure to properly respond to Plaintiff's dispute was the result of inadequate policies and procedures that were implemented in a reckless disregard of Defendant's obligations under the FCRA.

62. As a result of Defendant's violations of 15 U.S.C. §§ 1681i(a), Plaintiff suffered actual damages, including but not limited to: pecuniary costs, damage to reputation, loss of credit, mental anguish and emotional distress.

63. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles him to recovery under 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against all Defendants; for his fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: December 29, 2021

Respectfully submitted,

Thomas J. Alston
Pro Se Plaintiff
4020 Southern Ave SE
Washington, DC 2020
Tel: (240) 432-0927
talston@washlegal.com